IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN NEAL GLASPIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | No. 3:19-CV-0348-N-BH |
| ) | |
| LT. PUCKET, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On February 12, 2019, the plaintiff filed this action against the defendants on behalf of himself and another individual, and sought to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) His motion to proceed IFP on his own behalf was granted on July 9, 2019. (*See* doc. 5.) On that same day, he was notified by *Notice of Deficiency and Order* that his complaint was unsigned and incomplete, and that he could not bring this pro se case on behalf of another individual. (*See* doc. 6.) The order specifically advised the plaintiff that if he wished to pursue any claims on his own behalf, he must file a signed and completed complaint within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* If the other individual wished to pursue any claims on her own behalf, she must also file a completed and signed complaint under her own signature, as well as an IFP motion, within fourteen days. *Id.* In the alternative, she and the plaintiff could jointly file an amended completed complaint signed by both that set out both their claims. Attached to the order were copies of the plaintiff's initial complaint and a blank complaint form. *See id.* Well

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

more than fourteen days from the date of the order have passed, but the plaintiff has not filed a signed and completed complaint on his own behalf, and nothing else has been filed in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the July 9, 2019 order that he file a signed and completed complaint setting for forth his own personal claims within fourteen days, despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a signed and completed complaint setting forth his own personal claims within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 23rd day of November, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3